UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **Civil Action No. 05-869 (RMC)** |
| **DAVID E. WHITTEMORE,** **WHITTEMORE MANAGEMENT, INC.,** **and PETER S. CAHILL,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

**ORDER**

For the reasons set forth in a Memorandum Opinion issued on March 9, 2010, it is

hereby

**ORDERED** that Clearlake Venture Group, a nonexistent entity, is **DISMISSED** as

a party to this case; and it is

**FURTHER ORDERED** that the SEC's motion for disgorgement and civil penalties

[Dkt. # 75] is **GRANTED IN PART AND DENIED IN PART** as follows:  Mr. Cahill and the

Whittemore Defendants shall be jointly and severally responsible to disgorge:

$738,473 – proceeds of TRAE transactions made by Mr. Cahill

$142,000 – amount Mr. Cahill paid to the Whittemore Defendants in lieu of stock

+ $78,500 – amount Mr. Markle deposited into the TDW's NAFCO account

**Total** $958,973.

Defendants shall also be jointly and severally liable for prejudgment interest on the amount of

Exhibit A

$958,973, calculated using the Internal Revenue Service underpayment rate; such prejudgment interest is in the amount of $ _____.

The Whittemore Defendants only (and not Mr. Cahill) shall disgorge the additional amount of $108,932, which includes:

> $35,902 – proceeds of YPIL transactions made by the Whittemore Defendants
>
> +    $73,030 – proceeds of Turbo's YPIL transactions wired to the IOLTA account
>
> **Total**   $108,932.

The Whittemore Defendants (and not Mr. Cahill) shall be liable for prejudgment interest on the amount of $108,932, calculated using the Internal Revenue Service underpayment rate; such prejudgment interest is in the amount of $ _____.

**IT IS FURTHER ORDERED** that each Defendant shall pay a $25,000 civil penalty; and it is

**FURTHER ORDERED** that Defendants shall satisfy these obligations by paying these amounts together with prejudgment interest to the Clerk of the Court, together with a cover letter identifying the payer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order. Defendant payer shall simultaneously transmit photocopies of each such payment and letter to the Commission's Counsel in this action: Alan M. Lieberman, 100 F Street N.E., Washington, D.C. 20549-4030. Defendants relinquish all legal and equitable right, title, and interest in all funds paid pursuant to this Order, and no part of the funds shall be returned to Defendants. The Commission may enforce this Order through collection procedures authorized by law. Defendants shall pay post

-2-

Exhibit A

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961; and it is

**FURTHER ORDERED** that the Clerk shall deposit the funds submitted to this Court pursuant to this Order into an interest bearing account with the Court Registry Investment System or other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the U.S. Courts, the Clerk is directed, without further order of the Court, to deduct from the income earned on the money in the Fund a fee equal to 10% of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States; and it is

**FURTHER ORDERED** that the Commission may propose a plan to distribute the Fund, by motion subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7246(a). Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Order shall be treated as penalties paid to the Government for all purposes, including tax purposes. To preserve the effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action[1] based on any payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the

_____

[1] "Related Investor Action" means a private damages action brought against a Defendant in this action by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

-3-

Exhibit A

amount of any part of Defendant's payment of a civil penalty int this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Defendant beneficiary of such Penalty Offset shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel and pay the amount of the Penalty Offset to the U.S. Treasury or to a Fair Fund, as the Commission directs. Such payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed by this Order; and it is

**FURTHER ORDERED** that this Court shall retain jurisdiction over this action for the purpose of enforcing this Order; and it is

**FURTHER ORDERED** that this case is closed. This is a final appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED.**

Date: _____

_____
ROSEMARY M. COLLYER
United States District Judge